UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

MARTIN MIDSTREAM PARTNERS           04-CV-2109

VS.

BOONE TOWING, INC.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

This proceeding has been remanded for further findings of fact and conclusions of law, pursuant to F.R.Civ.P. 52.

    A. Findings of Fact

1. On December 18, 2003, the M/V Martin Navigator ("Navigator"), a vessel owned and operated by plaintiff Martin Midstream Partners ("Martin") was outbound on the Houston Ship Channel, towing two barges.

2. The Navigator's destination was Smackover, Arkansas.

3. At all material times, A.C. Carl White, Jr. ("White") was piloting the Navigator.

4. The Matthew B, a vessel owned by defendant Boone Towing Inc. ("Boone"), was traveling north in the Houston Ship Channel.

5. The two vessels collided at approximately 4:30 a.m.

6. The Navigator sustained damages that the parties stipulated were $19,506.80. Trial Transcript (November 9, 2005, hereafter "Tr.") at 4.

7. In its Complaint, Martin offered five different allegations as to the Matthew B's negligence:

    a. unseaworthiness;
    b. incompetence or inattention of its crew;
    c. failure to keep a proper lookout;
    d. failure to observe applicable rules of the road; and
    e. failure to take proper evasive action.

8. At trial, White was Martin's only witness on the issue of liability.

9. Despite that fact, White's name was not part of Martin's initial disclosures. Tr. at 4.

10. Moreover, Martin promised to make available members of the Navigator's crew for depositions and never did so. Tr. at 6.

11. Additionally, Martin's surveyor had obtained written statements from White and others that were never produced. Tr. at 9.

12. Accordingly, Boone filed a Motion to Strike to prevent White from testifying at trial.

13. In view of Martin's failure to comply with its discovery obligations, the Court should have granted the Motion to Strike. If it had been granted, White would not have testified and – because White was Martin's only witness on the issue of liability – judgment would necessarily have been entered for Boone.

14. Martin's theory at trial as to why Boone is liable is that the Matthew B never made radio contact with the Navigator. In his proffer of what White's testimony would show, Martin's counsel said, "But what's important, Your Honor, is defendant's vessel never made radio contact with our vessel. And that's our contention, and we contend that's a violation of Rule 5." Tr. at 17.

15. White repeatedly and emphatically made the same allegation. On cross examination, however, a tape of the radio exchange obtained from the Coast Guard demonstrated that, on this very point, White had been repeatedly and demonstrably wrong.

16. Because Martin's counsel said that the absence of radio contact from the Matthew B was the critical variable, and because White consistently stressed the absence of radio contact, direct quotation of White is appropriate:

   a. "I never even heard the Boone boat, no sir." Tr. at 33.

   b. "I never did hear him call, I never did hear him talk. Of course, I'm not saying the guy didn't say, didn't call, because there's so much traffic, but I did not hear him call. And I called traffic two or three times." Tr. at 36.

   c. The Court: "So the failure, you think, was the failure of the other person to respond?" The Witness: "Yes, sir. If he would have said something." Tr. at 44.

   d. Q. "Now, in making those calls, did you ever get a response from the Boone vessel prior to the collision."
      A. "No."  Tr. at 49.

17. Later, and perhaps in response to a suggestive question, White suddenly offered a slightly different account of radio contact with the Matthew B before the collision:

> Q. "Now, when you finally had contact with the Boone vessel, what did you tell the Boone vessel you were going to do."
>
> A. "I was going to – told him I was trying to turn away from him to get away from me. Maybe I can give him more room to whatever, you know. I was just trying to get the boat away from me." Tr. at 52.

18. On the next page, however, White reverts to "I didn't talk to him." Tr. at 53.

19. On cross examination, White said, "I was trying to holler at him over the radio, and I never did get a response. I never did hear anything." Tr. at 74.

20. White appears to modify his answer slightly on the next page: "Only time I talked – after the collision is the first time I talked to him." Tr. at 75.

21. In response to a question from the Court, White gave an incoherent answer: "I think he failed to call me again on the radio if he saw I was in the present." Tr. at 81.

22. On further cross examination, White returned to his original position:

> Q. "But it's your testimony you didn't hear from the Matthew B until after they collided with you; correct?"
>
> A. "That's correct, sir." Tr. at 86.

23. Again in response to cross examination, White testified, "I never did hear the Matthew B call." Tr. at 87.

24. Counsel for Boone then played a tape from the Coast Guard that counsel represented was made at about 4:26 a.m. Tr. at 89.

25. The tape, though it did contain substantial static, was sufficiently audible to demonstrate that there had been radio contact between the Navigator and the Matthew B well before the collision. The tape thus showed that White's testimony – on what Martin's counsel insisted was the critical fact issue in the case – had been consistently false.

26. The position of Martin's counsel as to radio contact also seemed to change dramatically after hearing the cross examination, although counsel said he had heard the tape previously. Tr. at 98. On re-direct, counsel asked White: "Did you ever have, prior to this tape, any contact with the Matthew B prior to what we've heard

just in cross-examination?" White responded, "No, sir. Not to my knowledge, no, sir." Tr. at 106.[1]

27. The Court finds that White's testimony was false on the critical issue in the case. The Court finds it unnecessary to decide whether the falsehoods were intentional.

**B. Conclusions of Law**

1. Boone's Motion to Strike should have been granted. Accordingly, with no witness for plaintiff Martin on the issue of liability, judgment should be entered for defendant Boone.

2. Alternatively, even if the Motion to Strike were not granted, the Court concludes that White was not a credible witness and offered no believable testimony whatsoever to support any of Martin's allegations against Boone.

C. Conclusion

This case is **DISMISSED WITH PREJUDICE.**

Signed this ___12th___ day of ___December___ 2006.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

---

[1] Other aspects of White's testimony vis-a-vis the tape are also troubling. For example, although his vessel was outbound on the Ship Channel, the tape demonstrates that he told the Matthew B that he was inbound. Tr. at 90.